UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| TEDDY KING SALSE, JR., | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 19-1067-JDT-cgc |
| | ) | |
| SHAWN PHILLIPS, ET AL., | ) | |
| | ) | |
|     Defendants. | ) | |
| | ) | |

ORDER DENYING MOTION TO SUPPLEMENT PLEADINGS,
PARTIALLY DISMISSING COMPLAINT, DIRECTING THAT
PROCESS BE ISSUED AND SERVED ON DEFENDANT DECKER,
AND DENYING REQUESTS FOR APPOINTMENT OF COUNSEL

On April 3, 2019, Plaintiff Teddy King Salse, Jr., who is incarcerated at the Morgan County Correctional Facility in Wartburg, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 3.) The complaint addresses events that allegedly occurred while Salse was incarcerated at the Northwest Correctional Complex (NWCX) in Tiptonville, Tennessee. (ECF No. 1 at PageID 3.) The Court issued an order on April 5, 2019, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 5.) The Clerk shall record the Defendants as NWCX Warden Shawn Phillips; Mike Reeves, who is identified in the complaint as the "Active" Warden at NWCX; Unit Manager Ralph Decker; Counselors First Name

Unknown (FNU) Woods and FNU Emery; NWCX Internal Affairs Lieutenant FNU Able and Internal Affairs Sergeant FNU Rogers; NWCX Warden of Treatment Steve Jones; Tennessee Department of Correction (TDOC) Commissioner Tony Parker; Correctional Administrator Debra Johnson; and NWCX Unit 3 Team Member Officer FNU Hendrix.

On April 15, 2019, Salse moved to supplement his pleadings to add as a twelfth defendant H.C. Brown, a former NWCX inmate now incarcerated at the Trousdale Turner Correctional Center in Hartsville, Tennessee. (ECF No. 6.) Suit under § 1983 may be brought against only state actors and cannot be brought against private parties. *Brotherton v. Cleveland*, 173 F.3d 552, 567 (6th Cir. 1999). Thus, "[i]n order to be subject to suit under § 1983, [a] defendant's actions must be fairly attributable to the state." *Collyer v. Darling*, 98 F.3d 211, 231-32 (6th Cir. 1997). Although Brown is an inmate in the custody of the State of Tennessee, he is not a state actor for purposes of suit under § 1983. Salse provides no justification for attributing Brown's actions to the state. Salse's motion to add Brown as a defendant in this matter is therefore DENIED.

Salse alleges that he is transgender and was stalked by inmate Brown while at NWCX. (ECF No. 1 at PageID 6.) He alleges that on October 15, 2018, he and his cellmate Stevie Gibson informed Defendant Decker that Brown was "being obsessed and overly aggressive" towards Salse. (*Id.*) Decker assured Salse that he would talk to Brown and "take care of it." (*Id.*) Salse suggested against confronting Brown, who lived in the same housing unit as Salse and who Salse feared. (*Id.*) Nonetheless, Decker spoke with Brown but did not remove him from the housing unit. (*Id.*) Salse alleges that immediately after Decker had spoken with Brown, Brown approached him "and became extremely

physical pushing and shoving plaintiff" and told him, "Keep my name out of your mouth." (*Id.*)

Four days after that confrontation, Salse alleges that Brown "violently choked" him. (*Id.* at PageID 7.) Salse and Gibson told Decker that Brown had choked Salse, but Salse alleges Brown still was not removed from the unit or any other protective measures taken. (*Id.*) On October 22, 2018, three days later, Salse and Gibson spoke with Decker in his office and reiterated their concerns about Brown, but "once again no action was taking [sic] to protect plaintiff." (*Id.*) Later that evening, Brown allegedly approached Salse in his cell and asked, "Are you really going to keep denying me[?]" (*Id.*) Salse attempted to leave, but Brown stopped him and told Salse he was "felling [sic] some type of way." (*Id.* at PageID 7-8.) When Salse again tried to leave the cell, Brown allegedly stabbed Salse then picked him up off the floor by the throat, held him in midair, and stabbed him repeatedly. (*Id.* at PageID 8.) Salse escaped from Brown and ran out of the cell and down the stairs, yelling for help. (*Id.*) Officers Bell and Holenson (who are not Defendants) secured Salse in the officer's cage as Brown approached the cage, further threatened Salse, and admitted to stabbing him. (*Id.*)

Salse was treated by medical personnel at NWCX before being taken for emergency medical treatment to Dyersburg Hospital and, eventually, Memphis Medical One Hospital. (*Id.*) Salse states he underwent exploratory surgery to determine the extent of his injuries. (*Id.*) He alleges that he suffered two "nicks" in his intestines and "actually died for approximately 45 seconds during surgery." (*Id.*) He alleges that he was hospitalized for

3

six days and now suffers panic attacks, nightmares, acute pain, and PTSD and has permanent scars. (*Id.* at PageID 8-9.)

Salse sues the Defendants in their official and individual capacities. (*Id.* at PageID 20.) He seeks compensatory, punitive, and "special" damages. (*Id.*)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Salse filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

To the extent Salse intends to sue the Defendants in their official capacities, his claims are against their employer, the TDOC. Claims against the TDOC are, in turn, treated as claims against the State of Tennessee. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Salse, however, has no valid claim against the State of Tennessee. The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment has been construed to prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Va. Office for Protection & Advocacy v. Stewart*, 563 U.S. 247, 253-54 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." (citations omitted)). Tennessee has not waived its sovereign immunity. *See* Tenn. Code Ann. § 20-13-102(a). Moreover, a state is not a person within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will*, 491 U.S. at 71.

Salse does not allege any misconduct by Defendant Phillips, Reeves, Able, Rogers, Jones, Woods, Emery, Parker, Johnson, or Hendrix. He asserts identical vague claims against each without specifying what that individual did or failed to do that violated his constitutional rights. (ECF No. 1 at PageID 10-20.) Salse also alleges that "[a]ll named defendants were informed by [inmate] James Taylor . . . of threats made against both himself and plaintiff." (*Id.* at PageID 8.) These general, cut-and-paste allegations do not "'allege, with particularity, facts that demonstrate what each defendant did to violate the

asserted constitutional right.'" *Marcilis v. Twp. of Redford*, 693 F.3d 589, 596-97 (6th Cir. 2012) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)); *see Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("Given the complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed."). Salse therefore fails to state a claim against any of these Defendants.

The only Defendant against whom Salse directs allegations is Decker, who Salse alleges failed to protect him from Brown. Salse's allegations amount to a claim of deliberate indifference, which arises under the Eighth Amendment's prohibition of cruel and unusual punishments. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (quotations omitted) (noting that prison officials "must take reasonable measures to guarantee the safety of the inmates" and "to protect prisoners from violence at the hands of other prisoners"). "[N]ot all injuries suffered by an inmate at the hands of another prisoner result in constitutional liability for prison officials under the Eighth Amendment." *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998). To state a claim under the Eighth Amendment, a plaintiff must satisfy an objective and a subjective component. *Farmer*, 511 U.S. at 834. To satisfy the objective component, "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). That is, a prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm." *Id.*; *see also Miller v. Calhoun Cnty.*, 408 F.3d 803, 812

(6th Cir. 2005). The subjective component of an Eighth Amendment violation requires a prisoner to demonstrate that the official acted with the requisite intent; that is, that he had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson v. Seiter*, 501 U.S. 294, 297, 302-03 (1991). Thus, "the prison official must know[] of and disregard[] an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837-38. In the context of a failure-to-protect claim, a prison officer will not be held liable without a showing that he or she "should have been aware of the reasonable likelihood of a potential attack and intervened earlier." *Carico v. Benton, Ireland, & Stovall*, 68 F. App'x 632, 639 (6th Cir. 2003).

Salse alleges that he notified Decker on at least three occasions that Brown was threatening him and had been violent towards him. Although Decker told Salse he "would take care of it," Decker allegedly took no action to end the threats and violence towards Salse. Decker may have spoken with Brown on one occasion. Salse, however, subsequently notified Decker that the threats had not ended and had, instead, escalated when Brown choked Salse on October 19. The threats culminated in a violent attack on Salse that nearly cost him his life. Salse's allegations about Brown show that the threat to Salse was objectively serious. Salse also demonstrates that, because of Salse's frequent pleas for help, Decker was aware of the reasonable likelihood of a potential attack but failed to intervene. The Court will allow Salse's Eighth Amendment claim against Decker to proceed.

In conclusion, the Court DISMISSES Salse's official-capacity claims against all Defendants and his individual-capacity claims against Defendants Phillips, Reeves, Able,

8

Rogers, Jones, Woods, Emery, Parker, Johnson, and Hendrix for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2). Salse's Eighth Amendment claim for failure to protect shall proceed against Defendant Decker.

It is ORDERED that the Clerk shall issue process for Defendant Decker and deliver that process to the U.S. Marshal for service. Service shall be made on Defendant Decker pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) and (10) by registered or certified mail or personally if mail service is not effective. All costs of service shall by advanced by the United States.

It is further ORDERED that Salse shall serve a copy of every subsequent document he files in this case on the attorneys for Defendant Decker or on Defendant Decker personally if he is unrepresented. Salse shall make a certificate of service on every document he files. Salse shall familiarize himself with the Federal Rules of Civil Procedure and this Court's Local Rules.[1]

Salse has filed three motions requesting the appointment of counsel. (ECF Nos. 2, 7 & 9.)[2] Pursuant to 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel." A district court is vested with broad discretion in determining whether to appoint counsel for an indigent civil litigant. *See Lavado v.*

---

[1] A copy of the Local Rules may be obtained from the Clerk or on the Court's website at https://www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.

[2] The motions docketed as ECF Nos. 7 & 9 are substantively identical. Only the location and date in the certification at the bottom of the second page of each document are different.

*Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). Appointment of counsel in a civil case is not a constitutional right, and courts generally do not appoint counsel in a civil case absent a showing of "exceptional circumstances." *Id.* at 605-06; *see also Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) ("The key [to determining whether exceptional circumstances exist] is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help.").

Salse asserts that counsel should be appointed because he has only eight months remaining on his sentence and that once he is released, he will be homeless. (ECF No. 7 at PageID 87.) He further alleges that he has received help from another inmate with whom he is no longer incarcerated. (*Id.* at PageID 87-88.) These assertions do not demonstrate exceptional circumstances warranting appointment of counsel at this time. Salse's request for appointment of counsel is therefore DENIED without prejudice to refiling, if necessary, at a later, appropriate time.

Salse is reminded that he must promptly notify the Clerk of any change of address or extended absence. Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE